UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENNIE CULLUM, | : |
| | : |
| Plaintiff, | : Civ. No. 19-15677 (FLW) |
| | : |
| v. | : |
| | : |
| HOWARD E. GILMAN et al., | : **MEMORANDUM OPINION** |
| | : |
| Defendants. | : |

**FREDA L. WOLFSON, Chief U.S.D.J.**

Plaintiff, Jennie Cullum ("Cullum" or "Plaintiff"), who is presently detained at the Edna Mahan Correctional Facility for Women, in Clinton, New Jersey, filed *pro se* with the Court a complaint alleging violation of her Sixth Amendment rights as well as defamation under state law. The filing fee for a civil complaint is $400.00. If a prisoner plaintiff is proceeding *in forma pauperis*, the fee is $350.00, subject to being paid in installments as described below.

A party who seeks to proceed *in forma pauperis* must submit an affidavit, including a statement of all assets, stating that the party is unable to pay the applicable filing fee. *See* 28 U.S.C. § 1915(a)(1). A prisoner applying to proceed *in forma pauperis* must also submit a certified copy of an inmate trust fund account statement for the six-month period immediately preceding the filing of her complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each institution at which she was or is confined. *See id.*

Even if a prisoner is granted *in forma pauperis* status, she must pay the full amount of the filing fee of $350.00 in installments. *See* 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner shall assess,

deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. *See id.* § 1915(b)(2). The deductions will continue until the $350.00 filing fee is paid.

Even if the necessary fees are paid and the complaint is accepted for filing, the Court may nevertheless immediately dismiss the case. The Court must review the complaint and dismiss it if it finds that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A; 42 U.S.C. § 1997e.

If the plaintiff has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, she cannot bring another action *in forma pauperis* unless she is in imminent danger of serious physical injury. *See id.* § 1915(g).

In this case, Cullum has submitted an application to proceed *in forma pauperis* on the form intended for non-prisoners. (*See* ECF No. 1-1.) This *in forma pauperis* application fails to comply with the requirements of 28 U.S.C. § 1915(a)(2), as it does not include the required certification of inmate account statements. Additionally, the account statements submitted by Cullum are cut off in such a manner that the Court cannot adequately review them. (*See* ECF No. 1-1.) Accordingly, Cullum's application to proceed *in forma pauperis* is denied without prejudice. The Clerk will be ordered to administratively close this case. Cullum may reopen this action, however, by either paying the filing fee or submitting a proper *in forma pauperis* application and complete certified account statement.

I additionally note that Cullum seems to invoke her constitutional rights primarily as a challenge to her judgment of conviction and her resulting sentence. (*See* Compl., ECF No. 1.)

In addition to a reference to "actual damages," Cullum specifically demands "relief from current sentence or decrease in sentence." (*Id.* ¶ IV.) Insofar as Cullum wants to challenge her sentence or her present incarceration, she may do so only by filing a petition for writ of habeas corpus, under 28 U.S.C. § 2254, not with a normal civil suit. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (explaining that litigants must "use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody"). Thus, this civil action cannot result in Cullum's early release or in any conclusion regarding the legal propriety of her criminal judgment or sentence. If Cullum seeks to challenge her judgment and sentence or to obtain release from prison, she must do so by way of a properly filed petition for writ of habeas corpus. I will direct the Clerk to send Cullum a form petition for writ of habeas corpus in the event that this is an avenue of relief she wishes to pursue.

      An appropriate order follows.

DATED: July 26, 2019                                                         /s/ Freda L. Wolfson
                                                                                                 FREDA L. WOLFSON
                                                                                                 U.S. Chief District Judge